UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BLACK,<br><br>        Petitioner<br><br>    v.<br><br>VASQUEZ (WARDEN OF WASCO),<br><br>        Respondent. | Case No. CV 16-4940-ODW (GJS)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL FOR UNTIMELINESS AND NONCOGNIZABILITY |

On July 6, 2016, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this district ("Petition"). The Petition stems from Petitioner's March 19, 2014 conviction in Los Angeles County Superior Court Case No. TA 128154 (the "State Conviction"). (Petition at 2, Ex. B.) Petitioner sustained the State Conviction pursuant to a guilty plea to counts of attempted murder and robbery and his admission to enhancement allegations relating to personal use of a firearm, causation of great bodily injury, and prior convictions. (*Id.*)

Petitioner did not appeal the State Conviction. (Petition at 2-3.)[1]

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court, which confirm Petitioner's allegations regarding his state appeal and post-conviction filings for the most part.

Over a year and a half passed following the State Conviction. On or about December 1, 2015, Petitioner mailed a motion to the trial court seeking to vacate his sentence. (Attachment, Ex. C.) On December 18, 2015, the trial court denied the motion, finding that there was no legal basis for relief. (*Id.*)

On or about April 4, 2016, Petitioner mailed a habeas petition to the trial court, which was formally filed on April 6, 2016. (Petition at 3, attached copy of trial court habeas petition ("Attachment").) At the portion of the form petition directing habeas petitioners to explain any delay in discovering and/or raising their claims, Petitioner stated that an "error of fact[2] existed before judgment was rendered, which could not have been discovered in the exercise of reasonable diligence; also Petitioner's ignorance of the law." (*Id.* at 13.) On April 12, 2016, the trial court denied the habeas petition on procedural grounds and on its merits. (Attachment, Ex. H.)

On or about April 20, 2016, Petitioner mailed a habeas petition to the California Court of Appeal, which was formally filed on April 25, 2016. On April 27, 2016, the California Court of Appeal denied the petition on the ground that Petitioner had failed to allege sufficient facts to justify relief. (Petition at 4, Ex. H.) On or about May 5, 2016, Petitioner filed a petition for review in the California Supreme Court, which was denied summarily on June 22, 2016. (*Id.* at 4-5, Ex. H.)

On June 29, 2016, Petitioner mailed the Petition to the Court, and the Clerk's Office received it on July 5, 2016. Pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on June 29, 2016. *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[2] The "error of fact" alleged in the state habeas petition was that Petitioner is not guilty of attempted murder, because there was no premeditation and malice and, thus, no intent to kill. (Attachment at 15, 35.)

# THE PETITION

The Petition raises nine grounds. Ground One asserts that the trial court should have granted Petitioner's motion to vacate his sentence on the theory that it violates California Penal Code § 654. Grounds Two, Three, Five, Six, Eight, and Nine attack Petitioner's attempted murder conviction under various theories (insufficiency of the evidence, due process, no consideration for plea, ineffective assistance of counsel, prosecutorial misconduct, fundamental miscarriage of justice, etc.), each of which rest on the "error of fact" noted on the prior page, namely, that Petitioner assertedly is not guilty of attempted murder due to a lack of premeditation and deliberation and, thus, a lack of any intent to kill. In Ground Four, Petitioner contends that his conviction pursuant to his plea bargain was arbitrary and capricious, because he did not commit attempted murder and, further, he was under the impression he would be sentenced to 15 years, rather than the 34-year sentence he received. In Ground Seven, Petitioner complains that counsel failed to "litigate mitigating factors as well as accurately apply the career offender provision of the guidelines when determining the sentencing range."

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, it is plain from the face of the Petition that summary dismissal is warranted, for two distinct reasons.

# THE PETITION IS NONCOGNIZABLE

As noted above, the State Conviction stems from Petitioner's guilty plea. When a defendant who was convicted pursuant to a guilty plea later seeks collateral relief based on asserted constitutional errors that occurred before that plea was entered, he is barred, with few exceptions, from obtaining such relief.

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and the plea, as a general rule, foreclose the collateral attack.

*United States v. Broce*, 109 S. Ct. 757, 762 (1989); *see also, e.g., Mitchell v. Superior Court*, 632 F.2d 767, 769 (9th Cir. 1980) ("As a general rule, one who has voluntarily and intelligently pled guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations."). The Supreme Court's decision in *Tollett v. Henderson*, 93 S. Ct. 1602 (1973) established this bar on federal habeas claims based on pre-plea constitutional violations:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent nature of the plea by showing that the advice he received from counsel was [inadequate].

*Id.* at 1608.

Since *Tollett*, the Supreme Court has recognized that the bar on attacking pre-plea constitutional errors does not apply when the pre-plea error is "jurisdictional," *i.e.*, it implicates the government's power to prosecute the defendant. *United States v. Johnston*, 199 F.3d 1015, 1019 n.3 (9th Cir. 1999); *see, e.g., Menna v. New York*, 432 U.S. 61, 62, 96 S. Ct. 241, 242 (1975) (*per curiam*) (double jeopardy claim); *Blackledge v. Perry*, 94 S. Ct. 2098, 2103-04 (1974) (vindictive prosecution claim); and *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1006 (9th Cir. 2000) (unconstitutional/vague statute claim). Critically, however, the Supreme Court "has subsequently limited the scope of these exceptions to include only those claims in

4

1  which, judged on the face of the indictment and the record, the charge in question is
2  one which the state may not constitutionally prosecute." *Johnston*, 199 F.3d at
3  1019-20 n.3 (citing *Broce*, 109 S. Ct. at 765-66).
4      With respect to ineffective assistance of counsel claims based on pre-plea events,
5  whether or not such claims will be barred depends, as *Tollett* indicates (93 S. Ct. at
6  1608), on the relationship of the conduct challenged to the validity of the plea.
7  When the nature of the ineffective assistance claim does not call into question the
8  voluntary and intelligent character of the plea, the claim is barred under *Tollett*.
9  Claims of prosecutorial misconduct that do not go to the power of the State to bring
10 charges similarly are barred by *Tollett*. *See, e.g., Ortberg v. Moody*, 961 F.2d 135,
11 136-68 (9th Cir. 1992); *see also United States v. Cain*, 134 F.3d 1345, 1351 (8th
12 Cir. 1998).
13     Ground One of the Petition alleges that Petitioner's sentence is improper under
14 California Penal Code § 654. This is a classic example of a claim barred by *Tollett*.
15 Petitioner entered into a plea bargain for a particular sentence and received it in
16 connection with his guilty plea. The first claim of the Petition, therefore, is not
17 cognizable under the *Tollett* rule.
18     While Grounds One, Two, Three, Five, Six, Eight, and Nine contain rambling
19 allegations, each of these claims rests on Petitioner's contention that an asserted
20 "error of fact" occurred, namely, that Petitioner is not guilty of the attempted murder
21 portion of the State Conviction. As noted earlier, Petitioner reasons that, because
22 the trial judge observed that the attempted murder charge was not premised on an
23 allegation of premeditation and deliberation, there was no basis for finding the intent
24 to kill element satisfied at the time of his guilty plea.
25     Specifically, Petitioner's "no intent to kill" theory is premised on a statement
26 made by the trial court at sentencing at page 6, lines 13-16, of the plea hearing
27 transcript. During the plea colloquy, Petitioner's counsel interjected at one point,
28 stating: "Just as to the attempted murder, just so we're clear that there was no

1  premeditation on that." (Attachment, Ex. B at 6.)  The trial court responded:
2  "Right, it's not alleged that way.  As a premeditated, just attempted murder.  That's
3  how you get a determinant [*sic*] term." (*Id.*).  Petitioner argues that this colloquy
4  proves he is not guilty of attempted murder, because the trial court found there was
5  no premeditation yet premeditation is an "essential element" of the crime of
6  attempted murder.

7      Petitioner's "error of fact" contention is factually and legally meritless.  Under
8  California law, "attempted murder requires a specific intent to kill and the
9  commission of a direct but ineffectual act toward accomplishing the intended
10 killing." *People v. Lee*, 31 Cal. 4th 613, 623 (1996).  While the specific intent to
11 kill is a required element of the crime of attempted murder, the circumstances of
12 premeditation and deliberation are not; rather, these circumstances simply increase
13 the punishment for the crime of attempted murder.  *See, e.g., People v. Favor*, 54
14 Cal. 4th 868, 876-77 (2012) (making clear that, under California law, an attempted
15 murder that was willful, premeditated and deliberate will be punished more severely
16 than an attempted murder that was not, and that the willfulness, premeditation and
17 deliberation circumstances "penalty provision" does not create a substantive
18 offense); *People v. Smith*, 37 Cal.4th 733, 740 (2005) (unlike the crime of murder,
19 the crime of attempted murder is not divided into degrees, but the sentence for
20 attempted murder is enhanced if the attempt to kill was committed with
21 premeditation and deliberation).

22     Generally, attempted murder is punishable by a sentence of five, seven, or nine
23 years.  California Penal Code § 664(a).  If, however, the defendant's intent to kill
24 was formed with premeditation and deliberation, the punishment for the attempted
25 murder is life imprisonment with possibility of parole. *Id.; see also Lee*, 31 Cal. 4th
26 at p. 624.  However, the life with the possibility of parole penalty may be imposed
27 only if "the fact that the attempted murder was willful, deliberate, and premeditated
28

1  is charged in the accusatory pleading and admitted or found to be true by the trier of
2  fact." California Penal Code § 664(a).
3      Contrary to Petitioner's assertion, the felony complaint on which he relies
4  (Attachment, Ex. E) charged him only with attempted murder under California
5  Penal Code §§ 664/187(a) and did *not* charge the additional circumstance that the
6  attempted murder was done willfully and with premeditation and deliberation.
7  Moreover, on the attempted murder count, the trial court sentenced Petitioner to the
8  midterm of seven years,[3] a sentence that Section 664(a) makes clear was not
9  possible unless his attempted murder conviction was *not* based on willfulness,
10 premeditation and deliberation. As the trial court correctly noted, Petitioner was
11 charged with "just attempted murder," not premeditated attempted murder, which
12 was why he received a determinate term pursuant to his plea bargain rather than life
13 without the possibility of parole.
14     In sum, Petitioner's "error of fact" theory that underlies most of his habeas
15 claims is factually and legally baseless. More importantly for purposes of screening
16 the Petition under Rule 4, his claims premised on this theory are barred by *Tollett*, as
17 they rest on a matter that was addressed at his plea hearing before his guilty plea
18 was accepted and he was sentenced. The purported (but non-existent) "error" on
19 which Grounds One, Two, Three, Five, Six, Eight, and Nine rest is pre-plea and is
20 not jurisdictional. Accordingly, these claims are barred by *Tollett*.
21     Ground Four and Seven also are barred by *Tollett*. Ground Four rests on two
22 theories: (1) Petitioner's belief that his current 34-year sentence is unfair, because it
23 stems from conduct that, in his view, is less bad (hitting the victim in the head with
24 a gun) than his conduct in connection with a prior conviction (shooting the victim

---

[3]     The trial court selected the seven year midterm sentence and then doubled it due to Petitioner's prior "strike" conviction. (Petition Attachment at 9.)

with a gun) for which he received an 11-year sentence; and (2) Petitioner believed that he would receive only a 15-year sentence even though his plea bargain called for 34 years.  Both theories are facially meritless,[4] but in any event, they are based on pre-plea purported errors that are not jurisdictional.  Ground Seven repeats some of these assertions and further complains that trial counsel failed to "litigate mitigating factors."  Apart from the fact that Petitioner received the sentence to which he had agreed pursuant to a plea bargain – and thus, there was no litigation of "mitigating factors" to be done – this claim also rests on pre-plea, non-jurisdictional errors and, thus, is barred by *Tollett*.

In sum, the Petition is not cognizable, because each of the claims alleged rest on pre-plea, non-jurisdictional errors and are barred by *Tollett*.  As the Petition is not cognizable, Rule 4 requires its summary dismissal.

**DISMISSAL ALSO APPEARS WARRANTED DUE TO UNTIMELINESS**

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1).  Petitioner was convicted on March 19, 2014, and he did not appeal.  Accordingly, under California law and for federal statute of limitations purposes, Petitioner's state conviction became "final" 60 days later, *i.e.*, on May 18, 2014.  *See Randle v. Crawford*, 578 F.3d 1177, 1183-86 (9th Cir. 2009); Cal. R. Ct. 8.308(a).  Therefore, Petitioner had until May 18, 2015, to file a timely federal

---

[4] As to (1), Petitioner ignores the effect of his prior "strike" conviction on his present sentence, as well as the fact that the 34-year sentence is what he bargained for.  That he received an enhanced, and thus lengthier, sentence as a recidivist this time is not a basis for challenging the instant sentence or plea.  As to (2), the plea hearing transcript shows that the trial court clearly advised Petitioner that he would receive a 34-year sentence, that he was only "eligible" for 15 years' credits, and he would have to serve a minimum of 85 percent of his 34-year sentence, and Petitioner stated that he understood this advice. (Petition Attachment, Ex, B at 2-4.)  Indeed, at the conclusion of the plea hearing, the trial court clearly noted that Petitioner was "entitled to" only 362 days of actual and good time/work time credits.  (*Id.* at 9-10.)

8

habeas petition. The instant Petition was not "filed" until June 29, 2016, and thus, it was untimely by over 13 months, absent tolling.

Section 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. In addition, in appropriate circumstances, gap tolling may be afforded "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also Carey v. Saffold*, 122 S. Ct. 2134, 2137-41 (2002).

Petitioner did not seek post-conviction relief within the meaning of Section 2244(d)(2) until he filed his trial court motion to vacate his sentence on December 1, 2015 – over five months *after* his limitations period already had expired. As a result, neither that initial trial court motion nor the subsequent round of state habeas proceedings that commenced in April 2016 can serve as a basis for Section 2244(d)(2) statutory tolling. *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely). Because Section 2244(d)(2) statutory tolling is not available here, Petitioner's limitations period expired on May 18, 2015.

In addition to statutory tolling, the limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560-62 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556

F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (citation omitted); *see also Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 & n.8 (2005). Both elements must be met. *Id.* at 1814-15 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.*; *see also Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

Nothing in the Petition, or in Petitioner's state court filings, satisfies these requirements. Petitioner's state court contention that his "ignorance of law" justified his delay is an insufficient basis for equitable tolling. Allegations of this nature are commonly made and are routinely rejected as bases for equitable tolling. *See Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases from other circuits and holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Johnson v. United States*, 125 S. Ct. 1571, 1582 (2005) (in the parallel 28 U.S.C. § 2255 context, rejecting a movant/prisoner's attempt to justify his lack of diligence based on his pro se status and lack of legal sophistication, and stating: "we have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey*, 556 F.3d at 1013 n.4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling").

10

Petitioner's state court assertion that the "error of fact" on which most of his claims rest "could not have been discovered in the exercise of reasonable diligence" also fails to justify application of the equitable tolling doctrine. Petitioner alleges that the putative "error of fact" "existed before judgment," and indeed, according to Petitioner, the "error" is demonstrated by a statement made by the trial court at sentencing at page 6, lines 13-16, of the plea hearing transcript. Thus, even if this alleged basis for federal habeas relief were not meritless (for the reasons set forth earlier), Petitioner plainly did know of it, or should have known of it, at the time he made his guilty plea in March 2014. There is no tenable excuse for his over two year delay in raising his claims based on this purported "error."

Even if Petitioner is not entitled to receive equitable tolling, there is an "actual innocence" equitable exception to the statute of limitations, as explained by the Supreme Court in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). In Ground Nine, Petitioner does assert "actual innocence" based upon the same "error of fact" theory discussed above, *i.e.*, that he lacked an intent to kill, because there was no premeditation and deliberation, and he therefore is not guilty of attempted murder.

In *Schlup v. Delo*, 115 S. Ct. 851 (1995), the Supreme Court addressed whether a petitioner's assertion of actual innocence could permit him to avoid application of the procedural default doctrine, *i.e.*, the bar to considering federal habeas claims that have been forfeited under a state law procedural bar rule. The Supreme Court found that a miscarriage of justice exception exists in the procedural default context and is governed by the test set forth in *Murray v. Carrier*, 106 S. Ct. 2639 (1986). *Schlup*, 115 S. Ct. at 867. Under this standard, to state a valid claim of "actual innocence" sufficient to avoid a procedural bar, a petitioner must produce "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Id.* at 865. The reviewing tribunal must "consider the probative force of relevant evidence that was either excluded or unavailable at trial." *Id.* at 867. The reviewing court must

consider all the evidence, both that admitted at trial and "evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id*. Under the "newly supplemented record," a federal habeas court then "assess[es] how reasonable jurors would react to" the overall record with the inclusion of the new, reliable evidence. *House v. Bell*, 126 S. Ct. 2064, 2078 (2006).

In *McQuiggin*, the Supreme Court held that a viable showing of "actual innocence" – as the actual innocence standard has been articulated in *Schlup* and *House* – can serve as a "gateway through which a petitioner may pass" when faced with the expiration of his limitations period. 133 S. Ct. at 1928. The Supreme Court emphasized that "tenable actual-innocence gateway pleas are rare," the standard for meeting this equitable exception is demanding and seldom met, and the timing of the petition is to be considered as a factor bearing on the reliability of the new evidence purporting to show actual innocence. *Id.* at 1928; *see also id.* at 1935 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."). This "demanding" standard requires a petitioner to "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence'" and to "present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial.'" *Id.* at 1935-36 (quoting *Schlup*).

Although Petitioner asserts "actual innocence," he does not make the showing required under the governing law, nor can he do so. The *Schlup* gateway test requires the presentation of "new reliable evidence," which then is compared to the evidence presented at trial. Petitioner, however, does not proffer any such new reliable evidence as required by *Schlup*, *House*, and *McQuiggin*. In fact, Petitioner does precisely the opposite, relying upon the plea hearing transcript to establish his asserted innocence. Moreover, for the reasons set forth above, the premise for Petitioner's actual innocence claim – his "error of fact" theory – is factually and legally frivolous. Because Petitioner's "actual innocence" argument is based

entirely upon the plea hearing record and is devoid of merit on its face, he cannot satisfy the *Schlup* standard as a matter of law and, thus, cannot receive an equitable exception to the statute of limitations under *McQuiggin*.

In sum, it is plain that the Petition is untimely by over a year. District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the ground of untimeliness. By no later than **September 12, 2016**, Petitioner shall file a response to this Order To Show Cause. If Petitioner concedes that this action is untimely, he shall state this concession clearly. If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely, and provide any available competent evidence that establishes the timeliness of this action. In addition, Petitioner shall state clearly whether he concedes that the Petition is barred by the *Tollett* rule or not. If he disputes that the *Tollett* bar applies, he must explain why the bar is inapplicable to the claims alleged in the Petition.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action is untimely and may be dismissed on that ground.**

IT IS SO ORDERED.

DATED: August 3, 2016.

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE